FILED

2022 Oct-24  AM 10:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>28<br><br>Date of Filing:   Judge Code:<br>09/20/2022 |
| --- | --- | --- |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA**
**TIMOTHY W. BANKSTON ET AL v. PAPER PROFITS LLC ET AL**

**First Plaintiff:** ☐ Business   ☑ Individual      **First Defendant:** ☑ Business   ☐ Individual
☐ Government   ☐ Other      ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  - Wrongful Death
- ☐ TONG  - Negligence: General
- ☐ TOMV  - Negligence: Motor Vehicle
- ☐ TOWA  - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM  - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM  - Malpractice-Other
- ☐ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ EPFA  - Elder Protection From Abuse
- ☐ QTLB  - Quiet Title Land Bank
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☑ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ **APPEAL FROM**     O ☐ OTHER
**DISTRICT COURT**

   R ☐ REMANDED      T ☐ **TRANSFERRED FROM**
**OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES ☑ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

LAY002     9/20/2022 11:04:59 PM     /s/ Kenneth JAMES Lay
Date     Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO   ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
9/20/2022 11:04 PM
28-CV-2022-900169.00
CIRCUIT COURT OF
DeKALB COUNTY, ALABAMA
TODD GREESON, CLERK

## IN THE CIRCUIT COURT OF DEKALB COUNTY ALABAMA

| | | |
|---|---|---|
| **TIMOTHY BANKSTON,** | ) | |
| **CHRISTIE F. BANKSTON,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **CV-2022** |
| | ) | |
| **PAPER PROFITS, LLC,** | ) | |
| **FCI LENDER SERVICES INC.,** | ) | |
| **TRINITY FINANCIAL** | ) | |
| **SERVICES, LLC ,** | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

Come now, the Plaintiffs, Timothy Bankston and Christine Bankston, by and through their attorney of record and file their complaint in accordance with the Alabama Rules of Civil Procedure, and in support of said complaint states as follows:

## PARTIES

1. The Defendants, Paper Profits, LLC, Trinity Financial Services, LLC, and FCI Lender Services Inc., in this action are foreign corporations doing business in Dekalb County, Alabama, and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

2. The Plaintiffs, Timothy and Christine Bankston, in this action are adult resident of Dekalb County, Alabama, and are "consumers" and/or persons affected by a violation of the FDCPA.

1

## JURISDICTION

3. Plaintiffs' complaint seeks enforcement and remedies pursuant to federal statutes.   The underlying action is based upon a contract executed in Dekalb County, Alabama. The action is brought regarding improper servicing of a mortgage loan contract.  The action is brought to enforce the contractual remedies allowed in the mortgage document. The action seeks damages in contract and tort for the actions of Paper Profits, LLC, Trinity Financial Services, LLC, and FCI Lender Services Inc. with respect to their improper servicing of the loan in question.

## VENUE

4. Venue is proper in this Court as the Plaintiffs are citizens of Dekalb County, all or substantially all the wrongs complained of occurred in this county, and the property is situated in Dekalb County Alabama.

## STATEMENT OF FACTS

5. Timothy and Christine Bankston bought the property located at  1413 County Road 170 Crossville Alabama 35962. On November 16, 2000, the Bankstons  received and executed a mortgage loan and also signed a promissory note with GMAC Mortgage DBA ditech.com. They also executed a mortgage with GMAC Mortgage DBA ditech.com.

6. The Bankstons currently reside at 1413 County Road 170 Crossville Alabama 35962.

7. The loan was allegedly later transferred and sold by GMAC Mortgage to Trinity and Paper Profits although the Plaintiffs dispute the validity of the alleged transfers.

8. FCI Lender Services is the present servicer of the loan and Paper Profits is the current purported owner of said loan, with FCI Lender Services acting as its servicing agent.

9. The Bankstons, upon information and belief, contend that the alleged

2

Assignment of the note and mortgage is defective, void, or otherwise unenforceable as to the security instrument in question in this case.

10.      The Bankstons allege that the actions of the Defendants and its agents, employees and servants were wrongful and tortious.

11.      On November 8, 2021, Defendants improperly and wrongfully began foreclosure proceedings on the Bankstons property.  On June 29, 2022, the Defendants again improperly and wrongfully began foreclosure proceedings on the Bankstons property.  The Law firm of Rubin Lublin 11 North Water Street Suite 10290  Mobile, AL 36602 handled the attempted foreclosure sale.

12.      Both the foreclosure sale date was reported to the national credit bureaus and the Bankstons' credit was damaged as a result of the reporting of the foreclosure sale date which was invalid and wrongful.

13.      The Bankstons, upon information and belief, contend that the alleged Assignment of the note and mortgage is defective, void, or otherwise unenforceable as to the security instrument in question in this case.

14.      The Bankstons contend that the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship between the Bankstons and the owners of the note and mortgage. Furthermore, the Bankstons allege that they were not behind in their payments on the mortgage and that they were improperly defaulted and that the note was improperly accelerated.

15.      The Bankstons contend that the foreclosing entity lacked standing or authority to initiate foreclosure proceedings on his property.

16.      The Bankstons allege that the actions of the Defendants and its agents, employees and servants were wrongful and tortious.

17.      The Bankstons allege that the actions of Defendants by improperly attempting foreclosure on their property is a violation of law, wrongful and tortious and that the Defendants had no authority to foreclose on his home or property, and that its actions constitute negligence, wantonness, abuse of process and slander of title.

18.    As a direct result of the acts complained of the Bankstons have suffered great mental anguish, damage to his reputation, economic and emotional damages and claims from Defendants all damages allowable under the law.

19.    On November 8, 2021, Defendants improperly and wrongfully began foreclosure proceedings on the Bankstons' property.

21.    The Defendants purportedly began foreclosure proceedings on Plaintiff's property on November 8, 2021, despite knowing that the Plaintiffs, the Bankstons, claimed that the attempted foreclosure sale was wrongful and invalid, and that they were not in default at the time of the acceleration.

22.    The foreclosure sale dates which included false information related to the alleged default on the indebtedness  was published in the newspaper, in April, May, June, July, and August 2022.  Furthermore, said false and inaccurate information related to the Bankstons' alleged default was reported to the national credit bureaus and the Bankstons' credit and reputation were damaged because of the reporting of the foreclosure sale date and default which was invalid and wrongful.

23.    The Bankstons contends that the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship between the Bankstons and the owners of the note and mortgage. Furthermore, the Bankstons alleges that they were not behind in their payments on the mortgage and that they were improperly defaulted and that the note was improperly accelerated.

24.    The Bankstons alleges that the actions of Defendants by improperly attempting foreclosure on their  property is a violation of law, wrongful and tortious and that the Defendant had no authority to foreclose on their  home or property, and that its actions constitute negligence, wantonness, abuse of process and slander of title.   As a direct result of the acts complained of the Bankstons has suffered great mental anguish, damage to his reputation, economic and emotional damages and claims from Defendants all damages allowable under the law.

## <u>COUNT ONE</u>
## NEGLIGENCE

25.   The Plaintiffs re-allege all prior paragraphs as if set out here in full.

26.   The Defendants negligently serviced the loan made the basis of this suit, negligently attempted to collect sums not owed by the Plaintiff, negligently caused his property insurance to be canceled, negligently defaulted the Plaintiff,  negligently attempted a foreclosure sale on Plaintiff's property, were negligent by failing to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those  bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; negligent by failing to properly train their employees on the thorough investigation of disputed accounts; negligent by failing to properly train, and/or supervise their employees and agents with regard to the handling of Plaintiff's loan account and failing to remove the    adverse reporting from Plaintiff's credit once he disputed the same.

27.   As a direct result of the said negligence, the Plaintiff was injured and damaged as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.

28.   As a result thereof, the Defendant is liable for all natural, proximate and consequential damages due to their negligence.

## <u>COUNT TWO</u>
## WANTONNESS

29.   The Plaintiff re-alleges all prior paragraphs as if set out here in full.

30.   The Defendant acted with reckless indifference to the consequences, and consciously and intentionally wrongfully serviced the loan made the basis of this suit, attempted to collect sums not owed by the Plaintiff, caused his property insurance to be canceled, defaulted the Defendant, attempted to conduct a foreclosure sale on Plaintiff' property, failed to make sure that information disseminated to others (including the national credit bureaus  and those credit grantors likely to use the information provided by those bureaus) was not false,

neither libelous nor slanderous, and rose to the level of maximum accuracy; failed to properly train their employees on the thorough investigation of disputed accounts; failed to properly train, and/or supervise their employees and agents with regard to the handling of the Bankstons' loan account and failing to remove the adverse reporting from the Bankstons' credit once they disputed the same.

31. These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the Defendant.

32. The Defendant knew that these actions were likely to result in injury to the Plaintiff including financial and emotional injuries and mental anguish.

33. As a proximate result of the Defendant's wantonness the Plaintiff was injured and harmed and suffered financial injury and emotional damage.

34. As a result thereof, Defendant is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages upon a proper evidentiary showing.

## COUNT THREE
## UNJUST ENRICHMENT

35. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

36. The actions of the Defendant in attempting foreclosure on the home of the Plaintiff in violation of law resulted in Defendant being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

37. As a result of the Defendant's unjust enrichment, the Plaintiff has been injured and damaged in that the Plaintiff has been forced to pay charges that were illegal, wrong in character, wrong in amount, unauthorized, or otherwise improper under threat of foreclosure by the Defendant.

38.    The Plaintiff claim all damages allowable under law as a result of the Defendant's wrongful conduct and unjust enrichment.

## COUNT FOUR
### WRONGFUL FORECLOSURE

39.    The Plaintiff re-alleges all prior paragraphs as if set out here in full.

40.    Defendant wrongfully initiated and attempted to conduct a foreclosure proceeding against the Plaintiff in violation of law.

41.    The attempted foreclosure proceeding by the Defendant was either negligent, wanton or intentional, depending on proof adduced at Trial. The power of sale was exercised for a purpose other than to secure the debt owed by plaintiff, as the plaintiff was current on the debt at the time of the default and acceleration.

42.    As a result thereof, the Defendant is liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

## COUNT FIVE
### SLANDER OF TITLE

43.    The Plaintiff re-alleges all paragraphs as if set out here in full.

44.    Defendant, in attempting foreclosure has caused a cloud to be placed on the title of the property of the Plaintiff.

45.    As the proximate cause of the Defendant's said slandering of the Plaintiff's title, he was caused to suffer injuries and damages and claims all damages allowable under law.

## COUNT SIX
### BREACH OF CONTRACT

46.    The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

47.   The Plaintiff and his Lender entered into the standard Fannie Mae/Freddie Mac Uniform Instrument" mortgage agreement.

48.   The Defendants serviced the loan and breached the agreement by failing to comply with essential terms in the mortgage regarding the application of payment and the notice requirements of paragraph 17 of the agreement.

49.   As a result of the defendant's breach of the mortgage contract, the Plaintiff was caused to suffer injuries and damages and claims all damages allowable under law.

50.   That the terms of the agreement entered into between Plaintiff and Mortgage America, Inc. detail the application of payments.  That, as more fully described above, Defendants failed to apply regular monthly payments, supplemental monthly payments, in the proper manner according to the terms of the note and mortgage.   More specifically, Defendants never applied some payments at all to Bankstons' account even though Bankstons sent in the payment, and it was deposited by Defendants.  Apparently, Defendants have misplaced or is unable to account for the funds from payments made or sent by Bankstons.  Moreover, numerous other payments made by Bankstons were returned to them by Defendants without reason or without explanation.

51.   That this misapplication of funds constitutes a breach of the mortgage contract and thus entitles the Bankstons to damages.

52.   In addition, Defendants failed to send proper notices to the Bankstons as required by the mortgage contract. Even if the Bankstons are in default, Defendants failed to send a proper notice of default, a proper notice of intent to accelerate, and a proper notice of acceleration.   The contract terms related to notice are as follows:

> Lender shall give notice to Borrower **prior to acceleration** following Borrower's breach of any covenant or agreement in this Security Instrument . . . The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date not less than 10 days from the date the notice is given to Borrower by which the default must be cured; and (d); that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security

Instrument and sale of the Property. The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument….

Accordingly, Defendants failed to comply with this provision of the mortgage contract and has therefore breached the contract.

53. Moreover, the mortgage document gives the Plaintiff the right to bring an action to dispute the existence of a default and raise defenses thereto. Accordingly, the Plaintiffs exercise their right pursuant to the mortgage document and hereby challenges the existence of a default on his mortgage indebtedness.  As previously, discussed, the Plaintiff is not in default, has made payments every month as required by the mortgage and note and is not behind on his mortgage payments.

## COUNT SEVEN
### FRAUD

54. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

55. The Defendant misrepresented that the loan was in default. Further, the Defendant made false and misleading representations, to wit: dissemination of inaccurate information regarding the loan account as being in default and dissemination of inaccurate information regarding the credit history and credit of the Plaintiff that was known to be false.

56. Said misrepresentations were made negligently and/or willfully and/or wantonly and/or fraudulently, and/or recklessly with the intent to induce the Plaintiff to act thereon and upon which the Plaintiffs did in fact act to his detriment.

57. Plaintiff justifiably relied upon said representations made by Defendant and as a result of said reliance proceeded with the execution of the loan; at the time said representations were made the

same were false and known by the Defendant to be false and/or were false and made by mistake with the intent for Plaintiff to rely thereon.

58.   As a proximate cause of the aforementioned fraudulent misrepresentations made by the Defendant, Plaintiff was proximately caused to suffer injury and damage.

## COUNT EIGHT
## PLACED IN A FALSE LIGHT

59.   Plaintiff adopts the above paragraphs as if fully set forth herein.

60.   In association with the servicing of the loan account Defendants held Bankstons up in a false light and made undesirable and negative character and credit reputation remarks on or about the Bankstons by either speaking or writing undesirable and negative character and reputation remarks about Bankstons which was offensive, untrue, and inaccurate, and which alleged Bankstons was behind on his debt serviced by Defendants, has a bad debt with Defendants.

61.   Defendants knew Bankstons was not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding Bankstons.  Defendants knew this at the times they were reporting such information.

62.   Defendants held Bankstons up in a false light and made undesirable and negative and credit reputation remarks on or about Bankstons in the national credit reporting media and to his homeowner insurance carrier. Defendants provided this false information to third parties.

63.   The conduct Defendants was objectionable to the Bankstons and to any reasonable person.  Defendants' action was willful, reckless, wanton and/or made with malice and resulted in Bankstons being unreasonably placed in a false light.

64.   Due to Defendants' conduct, the Bankstons were caused to have negative credit reports, denied homeowners insurance, held up to

public ridicule or shame, humiliated, made to suffer physically and mentally, and endure anguish.

WHEREFORE, PREMISES CONSIDERED, the Bankstons Pray for Judgment against Defendants in an amount to be determined by trier of fact.

## COUNT NINE

### DEFAMATION, LIBEL, SLANDER

65.   Plaintiff adopts the above paragraphs as if fully set forth herein.

66.   The Defendant willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to the denial of credit by third parties, resulted in homeowner's insurance cancellation and harmed the Plaintiff's credit reputation.  As previously stated, the Plaintiff was current on his mortgage account and has made payments each and every month.  Accordingly, he was not in default.  Despite the Bankstons' account being current, Defendants published in the newspaper false information regarding his account being in default and false information regarding its right to conduct a foreclosure sale on the Bankstons' property.

67.   Said false and defamatory statements have harmed the reputation of the Bankstons and/or deterred third persons from associating with the Bankstons.

68.   The Defendant communicated to credit reporting agencies and/or other third parties, false information that Bankstons defaulted on the loan and was in foreclosure, disseminated and imputed false and misleading credit history and worthiness information concerning the Bankstons.

69.   Defendants published such defamatory and libelous information in the Northport Gazette newspaper.

70.   Said communications were false in that Plaintiff was not indebted to the Defendant in the amount reported, and Plaintiff was not delinquent

11

as reported by the Defendant, and Plaintiff is the legal and rightful owner of the mortgage note.

71. At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

72. As a result of the intentional communication to third parties of false information, the Bankstons were caused to suffer injury to his reputation in the eyes of the community and the public and was subject to ridicule.

73. Said communications were oral and/or written.

74. As a proximate consequence of the Defendants' acts, the Bankstons were caused to be injured and damaged.

75. Defendants published such defamatory and libelous information. Defendants knew the Bankstons were not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding the Bankstons. Defendants knew this at the times they were reporting such information. Furthermore, Defendants published in the local newspaper in Dekalb County Alabama the false information of the default on the loan in the foreclosure sale notice. This foreclosure sale notice states that the Bankstons' loan is in default and in foreclosure. Defendants knew this information was inaccurate at the time it published this notice in the local paper, and the published false information harmed the Bankstons' reputation and character. As a result, the Bankstons' suffered damages of their reputation which negatively affected their credit and their business causing monetary losses.

76. Said communications were false in that Plaintiff were not indebted to the Defendant in the amount reported, Plaintiff was not delinquent as reported by the Defendant, and Defendant is not the legal and rightful owner of the mortgage note.

77. At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

78. As a result of the intentional communication to third parties of false information, the Bankstons were caused to suffer injury to their reputation in the eyes of the community.

## COUNT TEN:
## VIOLATIONS OF TRUTH IN LENDING

79. The Bankstons re-allege  and  adopt the above paragraphs as if fully set forth herein and also asserts the following:

80. Defendants violated the Federal Truth in Lending Act.

81. The Bankstons institute this action for actual damages, statutory damages, attorney's fees, and the costs of this action against Defendants for multiple violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. , (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto.

82. This complaint is solely for monetary damages pursuant to 15 U.S.C. § 1640. Under 15 U.S.C. § 1640(a), it is not necessary to allege or to prove actual damages to recover statutory damages.

83. Defendants, are covered by the Act as it regularly extended    or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making defendant a creditor within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

84.     Defendants did not provide a proper copy of the
        notices required by the Act to the Bankstons.   The
        disclosure statement issued in conjunction with this consumer
        credit transaction violated the requirements of Truth in
        Lending and Regulation Z in the following and other
        respects:  (a).  By failing to provide the required
        disclosures prior to consummation of the transaction in
        violation of 15 U.S.C.§ 1638(b) and Regulation Z § 226.17(b).
        (b). By failing to make required disclosures clearly and
        conspicuously in writing in violation of 15 U.S.C. §
        1632(a)and Regulation Z § 226.17(a).  (c). By failing to
        include in the finance charge certain charges imposed by
        defendant payable by plaintiff incident to the extension of
        credit as required by 15 U.S.C. § 1605 and Regulation Z §
        226.4, thus improperly disclosing the finance charge in
        violation of 15 U.S.C. § 1638(a)(3) and Regulation Z §
        226.18(d). Such amounts include, but are not limited to the
        attorney fees and late fees, 15 U.S.C. § 1605(a),
        Regulation Z§ 226.4(a).

85.     The regulations require that the notice shall identify the
        transaction or occurrence and clearly and conspicuously
        disclose the following:   The retention or acquisition of a
        security interest in the consumer's principal dwelling. The
        consumer's right to rescind, as described in paragraph (a)(1) of
        this section. How to exercise the right to rescind, with a form
        for that purpose, designating the address of the creditor's place
        of business.  The effects of rescission, as described in paragraph
        (d) of this section.  The date the rescission period expires. (See
        Reg. Z §§ 226.15(b)(5) and 226.23(b).

86.     By charging "attorney fees" and other "fees" not authorized by
        the mortgage contract, Defendants has made unauthorized
        charges and failed to disclose these charges in violation of the
        Act.  In this case, Defendants added fees to the Bankstons'
        account in September 2011 which are referenced in the notice
        of default.  Moreover, once the account was turned over to the
        attorney for foreclosure in October 2013, April 2014, December
        2015, and January 2016 additional fees were improperly added
        to the account.  Each time the sale was published in the

newspaper up to and including April 2014, December 2015, and January 2016, Defendants added additional and unauthorized fees to the Bankstons' account balance.

87.     By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z§ 226.22, Defendants understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

88.     That the Defendants have been improperly amortizing the loan and has failed to provide proper disclosures to the Bankstons. Defendants failed to send proper monthly statements to the Bankstons in violation of the Act.

89.     By reason of the aforesaid violations of the Act and Regulation Z, Defendants  is liable to Bankstons in the amount of twice the finance charge, actual damages to be established at trial,  and attorney's fees and costs in accordance with 15U.S.C. § 1640 for violations of Federal Truth in Lending Act.

## COUNT ELEVEN:
## VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

90.    The Bankstons re-allege and adopts the above paragraphs as if fully set forth herein and also asserts the following:

91.    Defendants violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or respond to Bankstons' Qualified Written Request (QWR).  Defendant violated the Real Estate Settlement Procedures Act (REPA) by failing to acknowledge or respond to Bankstons' Qualified Written Request (QWR) within in the time provided by federal law.

92.    The Bankstons made a Qualified Written Request pursuant to RESPA to Defendants on October 29, 2020, January 13, 2021, November 5, 20221, April 17, 2022, and June 24, 2022  which was sent by first

class mail.   Defendants never acknowledged receipt of the QWR request and never responded to it.   Defendants' failure to acknowledge and properly respond to the QWR request is a violation of RESPA or the Dodd-Frank Act.  Because of said violations of said acts, the Bankstons were damaged because they were not informed of the information regarding their loan.  Because the Defendants failed to give this information to the Bankstons, they were not able to stop the foreclosure on their home.  Accordingly, the Bankstons are entitled to damages from the Defendants.   Plaintiffs suffered damages by Defendants' failure to comply with the RESPA law because they were unable to get a proper accounting of the fees and charges owed on the account to cure any alleged default and as a result a foreclosure sale was set.

## COUNT TWELVE
## FAIR CREDIT REPORTING ACT

93.   The Bankstons re-allege and adopts the above paragraphs as if fully set forth herein and also asserts the following.

94.   The Bankstons disputed the account and false credit reporting. Defendants were inaccurately reporting that the Bankstons were delinquent in their mortgage loan and in Default.  The Bankstons repeatedly contacted Defendants from September 2020 until June 2022 and informed Defendants regarding ITS INACCURATE REPORTING.  Furthermore, the Plaintiffs repeatedly contacted Defendants and the credit bureaus in November 20202 December 2021, and June  2022.  Moreover, the Bankstons contacted the credit national bureaus and informed them of the inaccurate information and disputed same.  Nonetheless the credit reports were never changed because Defendants kept reporting the account as delinquent and in foreclosure.

95.   Despite receipt of the dispute, defendants failed to properly investigate and respond, failed to make any effort to verify the complaints of plaintiff and reported the false, derogatory information to the consumer reporting agencies in violation of their duties as a furnisher of credit.

96. According to the national consumer reporting agencies' reports the defendants falsely reported about plaintiff's disputed debt.

97. Defendants likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act by failing to properly conduct a reasonable   investigation and by failing to supply accurate and truthful information.

98. Rather, defendants reported false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

99. Defendants failed to conduct a reasonable investigation with respect to consumer credit data it reported about the plaintiff.

100. Defendants failed to review all relevant and pertinent information provided to it regarding the debt.

101. As a proximate result of the Defendants' fraudulent conduct the Plaintiffs have been injured and damaged.

102. Defendants' violations and false credit reportings about plaintiff have been a substantial factor in causing credit denials and other damages.

103. Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims   asserted herein including, but not limited to, out-of-pocket expenses, credit   denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of   incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

104. WHEREFORE PLAINTIFF, PRAYS that after all due proceedings be had    there  be judgment herein in favor of Plaintiff and against Defendants.  1) That there be Judgment in favor of Plaintiff and against Defendants, for all reasonable damages sustained by Plaintiff

including but not limited to actual damages, statutory damages, compensatory damages, out-of-pocket expenses, credit denials, adverse action, lost credit opportunities, costs and  time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and 2) That this Honorable Court order Defendants to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiff or any of plaintiff's personal identifiers.

## COUNT THIRTEEN

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

105. The Bankstons re-incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

106.  The acts and omissions of counter-defendant as more specifically stated in the facts constitutes numerous and multiple violations of the FDCPA including, but not limited to, §1692e(2), §1692e(8), and §1692f(1), with respect to the Bankstons.  As a result of counter Defendants' violations of the FDCPA, the Bankstons are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15U.S.C. § 1692k(a)(3) from Defendants.

107. Within the last 12 months, Defendants attempted to collect amounts not owed under the mortgage contract.  Within the last 12months, Defendants  sought unjustified amounts, which would include demanding any amounts not permitted under an applicable contract or as provided under applicable law in violation of the Act §1692f(1). Within the last 12 months, Defendants threatened legal action that was either not permitted or not actually contemplated

in violation of the Act §1692 e.  Within the last 12 months, Defendants communicated with third parties: revealing or discussing the nature of debts with third parties in violation of the Act §1692 c.  Defendants within the last 12 months, failed to identify themselves and notify the Bankstons in every communication, that the communication was from a debt collector in violation of the Act §1692e(11).   Within the last 12 months Defendants falsely stated the amount of the debt owed in violation of §1692e2a.

## COUNT FOURTEEN:
## CLAIM FOR DECLARATORY RELIEF

108.    The Bankstons re-allege and adopts the above paragraphs as if fully set forth herein and also asserts the following:

109.    Defendants breached the contract with the Bankstons by failing to follow the terms for notice requirements agreed to in the mortgage contract as well as payment application.  Defendants never sent the Bankstons the required notices and failed to properly apply their payments.  As a result the Bankstons are entitled to the following declaratory relief:  (1) An Order declaring that they are not in default of their mortgage agreement and declaring the notice of default is null and void. (2) An order declaring that Defendants have no right or authority to foreclose on the Bankstons' property.  (3) An Order prohibiting Defendants from foreclosing on the Bankstons' property.

**PLAINTIFFS (THE BANKSTONS) DEMAND A TRIAL BY JURY.**

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendants, respectfully pray of the Court as follows:

a.    That the Plaintiffs have and recover against the Defendants, a sum to be determined by this Court and their peers in the form of actual damages.

19

b.      That the Plaintiffs have and recover against the Defendants a
        sum to be determined by this Court in the form of
        compensatory and punitive damages.

c.      That Plaintiffs, the Bankstons, be awarded attorney fees and
        court cost.

d.      That the Plaintiffs have such other and further and proper relief
        as the Court may deem just and proper:


RESPECTFULLY SUBMITTED:


/s/ Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
Attorney for Plaintiffs



AlaFile E-Notice

28-CV-2022-900169.00

To:   Kenneth JAMES Lay
      kenneth.j.lay@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL
28-CV-2022-900169.00

The following complaint was FILED on 9/20/2022 11:05:02 PM

Notice Date:      9/20/2022 11:05:02 PM

TODD GREESON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
todd.greeson@alacourt.gov



AlaFile E-Notice

28-CV-2022-900169.00

To:  PAPER PROFITS LLC
     12600 HILL COUNTRY BLVD.
     SUITE R-275
     AUSTIN, TX, 78738

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL
28-CV-2022-900169.00

The following complaint was FILED on 9/20/2022 11:05:02 PM

Notice Date:     9/20/2022 11:05:02 PM

TODD GREESON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
todd.greeson@alacourt.gov



AlaFile E-Notice

28-CV-2022-900169.00

To:  FCI LENDER SERVICES INC.
C/O  COGENCY GLOBAL INC
2 N. JACKSON ST. STE. 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL
28-CV-2022-900169.00

The following complaint was FILED on 9/20/2022 11:05:02 PM

Notice Date:     9/20/2022 11:05:02 PM

TODD GREESON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
todd.greeson@alacourt.gov



AlaFile E-Notice

28-CV-2022-900169.00

To:   TRINITY FINANCIAL SERVICES LLC
C/O DON MADDEN
2618 SAN MIGUEL DR. # 303
NEWPORT BEACH, CA, 92660

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL
28-CV-2022-900169.00

The following complaint was FILED on 9/20/2022 11:05:02 PM

Notice Date:      9/20/2022 11:05:02 PM

TODD GREESON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
todd.greeson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>28-CV-2022-900169.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA**
**TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL**

**NOTICE TO:** PAPER PROFITS LLC, 12600 HILL COUNTRY BLVD. SUITE R-275, AUSTIN, TX 78738
<div align="center"><em>(Name and Address of Defendant)</em></div>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Kenneth JAMES Lay                                                                      ,
<div align="center"><em>[Name(s) of Attorney(s)]</em></div>

WHOSE ADDRESS(ES) IS/ARE: 733 47th Pl S, Birmingham, AL 35222                          .
<div align="center"><em>[Address(es) of Plaintiff(s) or Attorney(s)]</em></div>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TIMOTHY W. BANKSTON
<div align="right"><em>[Name(s)]</em></div>
pursuant to the Alabama Rules of the Civil Procedure.

| 09/20/2022 | /s/ TODD GREESON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ Kenneth JAMES Lay
<div align="center"><em>(Plaintiff's/Attorney's Signature)</em></div>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
<div align="right"><em>(Date)</em></div>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
<em>(Name of Person Served)</em>            <em>(Name of County)</em>

Alabama on _____.
<div align="center"><em>(Date)</em></div>

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>28-CV-2022-900169.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA**
**TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL**

**NOTICE TO:** FCI LENDER SERVICES INC., C/O  COGENCY GLOBAL INC 2 N. JACKSON ST. STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Kenneth JAMES Lay
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 733 47th Pl S, Birmingham, AL 35222 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TIMOTHY W. BANKSTON
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 09/20/2022 | /s/ TODD GREESON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ Kenneth JAMES Lay

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on .

*(Date)*

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

*(Server's Printed Name)*      *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>28-CV-2022-900169.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA**
**TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL**

**NOTICE TO:** TRINITY FINANCIAL SERVICES LLC, C/O DON MADDEN 2618 SAN MIGUEL DR. # 303, NEWPORT BEACH, CA 92660

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Kenneth JAMES Lay
,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 733 47th Pl S, Birmingham, AL 35222
.
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TIMOTHY W. BANKSTON
pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 09/20/2022 | /s/ TODD GREESON | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ Kenneth JAMES Lay
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on
.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to
in
County,
*(Name of Person Served)*     *(Name of County)*

Alabama on
.
*(Date)*

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

*(Server's Printed Name)*     *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL

28-CV-2022-900169.00

To:  CLERK DEKALB
     clerk.dekalb@alacourt.gov

TOTAL POSTAGE PAID: $28.23

Parties to be served by Certified Mail - Return Receipt Requested

PAPER PROFITS LLC                                    Postage: $9.41
12600 HILL COUNTRY BLVD.
SUITE R-275
AUSTIN, TX 78738

FCI LENDER SERVICES INC.                             Postage: $9.41
C/O  COGENCY GLOBAL INC
2 N. JACKSON ST. STE. 605
MONTGOMERY, AL 36104

TRINITY FINANCIAL SERVICES LLC                       Postage: $9.41
C/O DON MADDEN
2618 SAN MIGUEL DR. # 303
NEWPORT BEACH, CA 92660





7017 1000 0000 4236 7051

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ ______
☐ Return Receipt (electronic) $ ______
☐ Certified Mail Restricted Delivery $ ______
☐ Adult Signature Required $ ______
☐ Adult Signature Restricted Delivery $ ______
Postage
$
Total Postage and Fees
$

Postmark
Here

*Sent To* TRINITY
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

CV-22-900143

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

D002

1. Article Addressed to:

FCI LENDER SERVICES INC
C/O COGENCY GLOBAL INC
2 N JACKSON ST   STE 605
MONTGOMERY, AL  36104

DOCUMENT 6

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 2817 7069 4464 08

2. Article Number *(Transfer from service label)*

7017 1000 0000 4236 7044

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**FILED**

SEP 2 6 2022

CIRCUIT CLERK
DeKALB COUNTY



3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery
   00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

CV-22-900108

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**PAPER PROFITS LLC**
**12600 HILL COUNTRY BLVD**
**SUITE R-275**
**AUSTIN, TX  78738**



9590 9402 2817 7069 4464 15

2. Article Number *(Transfer from service label)*

7017 1000 0000 4236 7037

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*            C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

**FILED**

**SEP 2 9 2022**

CIRCUIT CLERK
DeKALB COUNTY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



**AlaFile E-Notice**

28-CV-2022-900169.00

Judge: JEREMY S TAYLOR

To:  LAY KENNETH JAMES
    kenneth.j.lay@gmail.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL
28-CV-2022-900169.00

The following matter was not served on 9/29/2022

**D001 PAPER PROFITS LLC**

**Corresponding To**

OTHER

TODD GREESON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
todd.greeson@alacourt.gov



AlaFile E-Notice

28-CV-2022-900169.00

Judge: JEREMY S TAYLOR

To:  LAY KENNETH JAMES
     kenneth.j.lay@gmail.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL
28-CV-2022-900169.00

The following matter was served on 9/23/2022

D002 FCI LENDER SERVICES INC.
Corresponding To
CERTIFIED MAIL

TODD GREESON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
todd.greeson@alacourt.gov

CV-22-900169

DOCUMENT 10

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. D003

1. Article Addressed to:

**TRINITY FINANCIAL SERVICES LLC**
**C/O DON MADDEN**
**2618 SAN MIGUEL DR #303**
**NEWPORT BEACH, CA 92660**



9590 9402 2817 7069 4463 92

2. Article Number *(Transfer from service label)*

7017 1000 0000 4236 7051

## *COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ~~~~

☒ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

9-26

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

**FILED**

**OCT 0 3 2022**

**CIRCUIT CLERK**
**DeKALB COUNTY**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Mail
☐ _____ Mail Restricted Delivery
   _____ 00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

USPS TRACKING #



9590 9402 2817 7069 4463 92

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

TODD GREESON, CIRCUIT CLERK
P.O. BOX 681149
FORT PAYNE, AL 35968
256-845-8525

DOCUMENT 10



AlaFile E-Notice

28-CV-2022-900169.00

Judge: JEREMY S TAYLOR

To:  LAY KENNETH JAMES
     kenneth.j.lay@gmail.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF DeKALB COUNTY, ALABAMA

TIMOTHY W. BANKSTON ET AL V. PAPER PROFITS LLC ET AL
28-CV-2022-900169.00

The following matter was served on 9/26/2022

D003 TRINITY FINANCIAL SERVICES LLC
Corresponding To
CERTIFIED MAIL

TODD GREESON
CIRCUIT COURT CLERK
DeKALB COUNTY, ALABAMA
P.O. BOX 681149
FORT PAYNE, AL, 35968

256-845-8525
todd.greeson@alacourt.gov