FILED
2022 Oct-28  PM 02:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

TIMOTHY BANKSTON and CHRISTIE F. BANKSTON,

      Plaintiffs,

v.

PAPER PROFITS, LLC, FCI LENDER SERVICES, INC., and TRINITY FINANCIAL SERVICES, LLC,

      Defendants.

Case No. 4:22-cv-01354-CLM

**PAPER PROFITS, LLC'S AND FCI LENDER SERVICES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR MORE DEFINITE STATEMENT**

COME NOW, Paper Profits, LLC ("Paper") and FCI Lender Services, Inc. ("FCI"), two of the Defendants in the above-styled civil action, and file this Memorandum of Law in Support of their Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e), respectfully showing this Honorable Court as follows:

**STATEMENT OF FACTS**

In this case, Plaintiffs Timothy and Christie Bankston (the "Plaintiffs") are challenging the foreclosure sale of the property located at 1413 County Road 170, Crossville, Alabama 35962 (the "Property"). *See* [Doc. 1-1] at p. 4, ¶ 6. However,

they are armed with nothing more than conclusory allegations and a shotgun complaint.

The mortgage loan at issue was obtained by the Plaintiffs on November 16, 2000, from GMAC Mortgage dba ditech.com ("GMAC"). *Id.* at p. 4, ¶ 5. The Plaintiffs allege that "[t]he loan was allegedly later transferred and sold by GMAC Mortgage to Trinity [Financial Services, LLC] and Paper Profits although the Plaintiffs dispute the validity of the alleged transfers." *Id.* at p. 4, ¶ 7. They further allege that "upon information and belief, [they] contend that the alleged Assignment of the note and mortgage is defective, void, or otherwise unenforceable as to the security instrument in question in this case." *Id.* at pp. 4-5, ¶ 9. The Complaint is silent as to the reason for disputing the validity.

The Complaint here next goes on to say that "Defendants" – but not specifying which one – began foreclosure proceedings. *See* [Doc. 1-1] at p. 5, ¶ 11. However, there are conflicting dates. Within the same paragraph, it says that the foreclosure proceedings began both on November 8, 2021, and June 29, 2022. *Id.* Foreclosure advertisements were published in April, May, June, July, and August 2022. *Id.* at p. 6, ¶ 22. The Plaintiffs claim that

> the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship between the Bankstons and the owners of the note and mortgage. Furthermore, the Bankstons allege that they were not behind in their payments on the mortgage and that they were improperly defaulted and that the note was improperly accelerated.

2

*Id.* at p. 5, ¶ 14.

They further "contend that the foreclosing entity lacked standing or authority to initiate foreclosure proceedings on his [*sic*] property." Additionally, it is alleged that "[b]oth the foreclosure sale date was reported to the national credit bureaus and the Bankstons' credit was damaged as a result of the reporting of the foreclosure sale date which was invalid and wrongful." *Id.* at ¶ 12. Because of this, "the Bankstons' credit and reputation were damages because of the reporting of the foreclosure sale date and default which was invalid and illegal." *Id.* at p. 6, ¶ 22.

The Plaintiffs claim that as a result of the Defendants' actions, they have "suffered great mental anguish, damage to his [*sic*] reputation, economic and emotional damages and claims from Defendants all damages allowable under the law." *Id.* at ¶ 24. The Plaintiffs pleaded the following causes of action to try to recover these damages: (1) negligence, *id.* at p. 7, ¶¶ 25-28; (2) wantonness, *id.* at pp. 7-8, ¶¶ 29-34; (3) unjust enrichment, *id.* at pp. 8-9, ¶¶ 35-38; (4) wrongful foreclosure, *id.* at p. 9, ¶¶ 39-42; (5) slander of title, *id.* at p. 9, ¶¶ 43-45; (6) breach of contract, *id.* at pp. 9-10, ¶¶ 46-53; (7) fraud, *id.* at pp. 9-10, ¶¶ 54-58; (8) false light, *id.* at pp. 12-13, ¶¶ 59-64; (9) defamation, libel, slander, *id.* at pp. 13-15, ¶¶ 65-78; (10) violations of the Truth in Lending Act, *id.* at pp. 15-17, ¶¶ 79-89; (11) violations of the Real Estate Settlement Procedures Act, *id.* at pp. 17-18, ¶¶ 90-92; (12) violations of the Fair Credit Reporting Act, *id.* at pp. 18-20, ¶¶ 93-104; (13)

violations of the Fair Debt Collection Practices Act, *id.* at pp. 20-21, ¶¶ 105-107; and (14) declaratory judgment, *id.* at p. 21, ¶¶ 108-109.

The Complaint is 109 paragraphs and 20 pages long, and each count incorporates all paragraphs that come before it. *See generally* [Doc. 1-1] at pp. 3-22.  The Plaintiffs never specify which claims are against which Defendants, they give conflicting dates of alleged events, and offers no facts regarding what each defendant is alleged to have done. *Id.*

## ARGUMENT AND CITATION OF AUTHORITY

### A.    STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." To determine whether a complaint is "so vague or ambiguous" as to warrant a more definite statement, this Court should look to see whether the pleading at issue complies with Rule 8(a). *U.S. Commodity Futures Trading Comm'n v. Giddens*, No. 1:11-cv-2038-WSD, 2012 WL 603592, at *3 (N.D. Ga. Feb. 24, 2012) (citing *U.S. v. Ga. Power Co.*, 301 F. Supp. 538, 543-44 (N.D. Ga. 1969)).  Rule 8(a) states:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

In order to draft a pleading that complies with Rule 8(a), one must also look to Rule 10(b), which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited to a single set of circumstances."

## B.    THE COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING

It is without question – indeed, it is binding precedent – that the very Complaint filed by the Plaintiffs is an impermissible shotgun pleading. The Complaint here is merely a copy and paste job from multiple previous cases filed by the Plaintiffs' attorney, Ken Lay, namely *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348 (11th Cir. 2018).[1] Mr. Lay's tactics were roundly chastised in that case. It appears that, in *Jackson*, Mr. Lay utilized the *exact same* template pleading. *See id.* at 1352-53. The Court described the pleading as follows:

> The Jacksons' complaint alleged fourteen causes of action under Alabama and federal law in separate counts, spanned twenty pages, and contained 109 paragraphs of allegations. The causes of action were not defendant-specific, all were based on all of the complaint's twenty-four introductory paragraphs, and all fourteen causes of action incorporated all previous allegations. This made it impossible for any Defendant to reasonably frame an answer. The crux of the complaint

---

[1] In *Jackson*, the Court pointed out how Mr. Lay simply files the same pleadings over and over again. *See id.* at 1360 n.15 (collecting cases).

appears to be that Defendants classified their home mortgage as in default, accelerated their loan, turned over their account for foreclosure, and reported the foreclosure to the credit reporting agencies without any legitimate basis for doing so.

. . .

Based on these allegations, the Jacksons presented fourteen counts: (1) negligence; (2) wantonness; (3) unjust enrichment; (4) wrongful foreclosure; (5) slander of title; (6) breach of contract; (7) fraud; (8) false light; (9) defamation, libel, and slander; (10) violations of the Truth in Lending Act; (11) violations of the Real Estate Settlement Procedures Act; (12) violations of the Fair Credit Reporting Act; (13) violations of the Fair Debt Collection Practices Act; and a (14) claim for declaratory relief. According to the complaint, Defendants' conduct caused the Jacksons "to have negative credit reports" and to be "denied homeowners insurance, held up to public ridicule or shame, humiliated, made to suffer physically and mentally, and endure anguish."

The Jacksons sought "(1) [a]n Order declaring that they are not in default of their mortgage agreement and declaring the notice of default is null and void," "(2) [a]n order declaring that Defendants have no right or authority to foreclose on the Jacksons' property," "(3) [a]n Order prohibiting Defendants from foreclosing on the Jacksons' property," and (4) compensatory and punitive damages for the various forms of financial, emotional, and defamatory harm alleged. The request for declaratory and injunctive relief, which if granted would undo the foreclosure sale and restore the Jacksons' mortgage on the home, made the suit the functional equivalent of a collateral attack on the validity of the foreclosure proceedings.

*Id*. The exact same description applies to the Complaint here. *See* [Doc. 1-1] at pp.

3-22. The Plaintiffs have asserted the exact same claims based on the exact same

allegations. *Id.*

In *Jackson*, the Defendants moved for a more definite statement based primarily on the Complaint being an impermissible shotgun pleading. 898 F.3d at 1353-54. The district court granted the motion and ordered repleading. However, the Plaintiffs filed an amended complaint that "swelled to twenty-three pages and 123 paragraphs, made minor changes to the number of the factual allegations, added two new counts, and listed one or more Defendants in parentheses under the heading of each count – presumably to clarify which count(s) apply to which Defendant(s). Counts (1) through (14) alleged the same injuries and requested the same forms of relief as those contained in the initial complaint." *Id.* at 1354. Additional procedural wrangling took place, with Mr. Lay asking for numerous requests for extension of time, which the Eleventh Circuit found were simply "delay tactics". *Id.* at 1354-56. Eventually, the district court dismissed each claim in the amended complaint for failure to state a claim upon which relief may be granted. *Id.* at 1356.

Mr. Lay then appealed, and his requests for extension of time continued in the Eleventh Circuit. *Id.* at 1355-56. Briefing eventually concluded after multiple extensions were granted, and the Court affirmed the dismissal of the amended complaint, but on different grounds than the district court. The Court found that the amended complaint was an impermissible shotgun pleading.

The Eleventh Circuit has identified four types of shotgun pleadings that violate either Federal Rule of Civil Procedure 8(a)(2) or 10(b):

7

The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Rice v. Seterus, Inc.*, No. 7:17-CV-00732-RDP, 2018 WL 4052180, at *1 (N.D. Ala. Aug. 24, 2018).

When a district court is faced with a shotgun pleading, "the district court 'should strike the [pleading] and instruct counsel to replead the case – if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson*, 898 F.3d at 1358 (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001)) (citation omitted). "Implicit in such a repleading order is the 'notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or,

depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" *Id.* (quoting *Byrne*, 261 F.3d at 1133). The repleader order "should point out the defects in the complaint." *Id.*at 1359 (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11tth Cir. 2018). A dismissal following failure to comply with a repleader order is permitted to be with prejudice. *Id.* at 1358.

In *Jackson*, the Court found that dismissal with prejudice was appropriate given that the Plaintiffs followed their initial shotgun complaint with an amended shotgun complaint. *Id.* at 1358-59. Following this finding, the Court went on to roundly chastise Mr. Lay and his tactics. It found that the

> appeal of the dismissal of his incomprehensible amended complaint is frivolous. The prosecution of an incomprehensible amended complaint with repeated requests for extensions in the District Court and the prosecution of a frivolous appeal with repeated requests for extensions in this Court, taken together, reveal Mr. Lay's motive in filing this lawsuit. His motive was, and is, to delay or prevent the completion of Mellon's foreclosure. This constitutes an abuse of judicial process, a "deliberate use of a legal procedure, whether criminal or civil, for a purpose for which it was not designed." *Dykes v. Hosemann*, 776 F.2d 942, 950 (11th Cir. 1985). The procedures of the federal courts were not designed for the purpose of accommodating Mr. Lay's objective.

*Id.* at 1360.

The Court went on to order "Mr. Lay to show cause why we should not order him to pay the Appellees double costs and their expenses, including the attorney's fees they incurred in defending these appeals." *Id.*

Following the issuance of the *Jackson* opinion, this Court ordered Mr. Lay to show cause in at least one other case as to why it should not be dismissed with prejudice for failure to remedy shotgun pleading deficiencies. *See Rice*, 2018 WL 4052180. Judge Proctor noted that *Rice* had the same initial procedural history as *Jackson*, with the defendants moving for a more definite statement, and the Court ordering the plaintiffs to "remedy the shotgun pleading deficiencies discussed in the Order, plead specific and particularized factual allegations relevant to each specific Defendant, set forth each claim separately, and specify which Defendant(s) were being sued." *Id.* at *1. The Plaintiffs filed an amended complaint that identified which claim is against which defendant(s), "[b]ut it often fails to specify which Defendant committed the unlawful act alleged in a particular count" and "each count adopts and re-alleges the allegation sin all prior counts." *Id.*

Judge Proctor found that "[t]his case is on all fours with *Jackson*" and dismissed the case "with prejudice for Plaintiff's failure to file an Amended Complaint that complies with Rule 8(a)(2), Rule 10(b), and the court's May 31, 2017 Order to replead the complaint." *Id.* at *2-3.

Here, this case is identical to the beginnings of *Jackson* and *Rice*. The Plaintiffs have filed a 14-count complaint, failed to specify which claim(s) is against which Defendant, failed to allege which Defendant(s) are allegedly

responsible for each claimed act of wrongdoing, and re-allege all prior allegations in each count.  There is no question that this is an impermissible shotgun pleading and this Court must order the Plaintiffs to file an amended complaint that complies with Rules 8(a) and 10(b).

Given that Mr. Lay has not learned anything from *Jackson* or *Rice*, this Court should take the additional step of conducting a *sua sponte* review of any amended complaint to determine whether it, too, is an impermissible shotgun complaint before Paper and FCI are forced to spend time and money to respond to it. And consistent with the Eleventh Circuit's words in *Jackson*, if the amended complaint is also a shotgun pleading, monetary sanctions should be awarded to Paper and FCI. *See* 898 F.3d at 1358 (quoting *Byrne*, 261 F.3d at 1133). Simply dismissing cases seems to have had no impact on Mr. Lay. Lastly, given Mr. Lay's tactics in *Jackson*, any requests by him for additional time should be closely scrutinized.

## **CONCLUSION**

Based on the foregoing, Paper and FCI respectfully request that this Court (1) grant their Motion for More Definite Statement; (2) strike the Complaint; (3) order the filing of an amended complaint that complies with Rules 8(a) and 10(b); and (4) order that Paper and FCI do not need to respond to any amended complaint

until the Court has undertaken a *sua sponte* review of it to determine whether it is also a shotgun pleading.

Respectfully submitted, this 28th day of October, 2022.

*/s/ Amanda M. Beckett*
AMANDA M. BECKETT
DOUGLAS BAYMILLER
**RUBIN LUBLIN, LLC**
428 N. Lamar Blvd., Suite 107
Oxford, MS 38655
(601) 398-0153 (Telephone)
(404) 921-9016 (Facsimile)
abeckett@rlselaw.com
dbaymilller@rlselaw.com

*Attorneys for Paper Profits, LLC and FCI Lender Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 28th day of October, 2022, filed the within and foregoing via CM/ECF, which will serve notice on all parties who have appeared in this matter. The CM/ECF system will serve the following electronically:

Kenneth J. Lay
kennth.j.lay@gmail.com


*/s/ Amanda M. Beckett*
AMANDA M. BECKETT