FILED

2022 Nov-21  PM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY BANKSTON,** | ) | |
| **CHRISTIE F BANKSTON,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **4:22-CV-01354-CLM** |
| **PAPER PROFITS LLC,** | ) | |
| **FCI LENDER SERVICES INC.,** | ) | |
| **TRINITY FINANCIAL** | ) | |
| **SERVICES LLC,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## MOTION FOR REMAND

COME NOW the Plaintiffs, Timothy Bankston, and Christie Bankston, in the above styled matter, pursuant to 28 U.S.C. § 1447(c), and moves this Court to remand the above-styled matter to the Circuit Court of DeKalb County, Alabama. The absence of removal jurisdiction mandates the requested remand. For grounds, Plaintiffs state as follows:

## NOTICE OF REMOVAL

Defendants Paper Profits, LLC and FCI Lender Services filed a Notice of Removal on October 25, 2022, citing as the source of subject matter jurisdiction federal question and diversity.

1

## GENERAL LEGAL PRINCIPLES

Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S.Ct. 1673, 128 L. Ed. 2d 391 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  The removing party bears the burden of demonstrating the existence of federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 660 L.Ed. 2d 144 (1921), Leonard v. Enterprise Rent a Car, 279 F. 3d 967, (11th Cir. 2002).   Removal statutes must be strictly construed because Congressional intent in enacting removal legislation was to restrict removal jurisdiction. Shamrock Oil & Gas Corp. v. Streets, 313 US 100, 108, 61 S. Ct. 868, 85 L. Ed. 2d 1214 (1921); Lane v. Champion International Corp., 827 Fed. Supp. 701, 705 (S.D. Ala. 1993).  Because federal removal jurisdiction is very limited, the remanding of a removed action is favored where the existence of federal subject matter jurisdiction is not absolutely clear.  Burns v. Windsor Ins. Co.,  264 F. 3d 1095.  See also Russell Corp v. American Home Assurance Co., 264 F. 3d 1040 (11th Cir. 2001).  "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject-matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own

2

courts." <u>Klempner v. Northwestern Mut. Ins. Co.</u>, 196 F. Supp. 2d 1233, 1237 (S.D. Fla. 2001)(citations omitted).

## <u>DEFENDANTS  HAVE FAILED TO PROVIDE THE COURT WITH SUFFICIENT EVIDENCE ESTABLISHING JURISDICTIONAL THRESHHOLD</u>

To establish federal diversity jurisdiction, section 1332 of Title 28 of the United States Code requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs …." 28 U.S.C. § 1332(a). Ultimately, because a removing defendant bears the burden of proving federal jurisdiction exists,[1] it falls upon the defendant to evidence in the removing documents that the amount in controversy meets the jurisdictional threshold. This jurisdictional amount must be "either stated clearly on the face of the documents before the court, or readily deducible from them . . . [i]f not, the court must remand." <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184 (11th Cir. 2007).

Historically, the amount in controversy identified in the plaintiff's complaint controls. *See* <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288-89 (1938). Thus, if a plaintiff specifies in the complaint that he or she seeks in excess of the jurisdictional minimum and the defendant does not

---

[1] <u>Leonard v. Enterprise Rent-A-Car</u>, *et al.*, 279 F.3d 967, 972 (11th Cir. 2002).

dispute the plaintiff's claim, the amount in controversy is satisfied.  If a plaintiff fails to specify his or her damages at all, however, a defendant bears the burden of establishing that the amount in controversy has been met by a preponderance of the evidence.[2]

The Eleventh Circuit recently reiterated its expectations relative to a defendant's obligation to evidence that the amount in controversy is satisfied so as to avoid having the action remanded to state court and confirmed once again that conclusory allegations that the amount in controversy is met do not meet the removing party's burden. *Lowery*, *supra*.  Instead, a removing party must provide evidence to the court. The sort of evidence the court may consider includes "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."[3] When such evidence is presented to

---

[2] "When a complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional threshold." Ellis Motor Cars, Inc. v. Westport Insurance Corp., et al., 2007 WL 1991573, *1 (M.D. Ala. July 5, 2007)(quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)). If a plaintiff "has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* (remanding action and refusing to allow discovery or to "speculate in an attempt to make up for the notice [of removal's] failings"); *see also* Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996).  See also Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

[3] *Williams*, *supra* (quoting *Sierminski*, *supra*, and Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997), and approving procedure described in *Singer*). In holding that summary judgment type evidence could be considered, the Eleventh Circuit remanded the case to the district court because the only fact supporting the amount in controversy requirement was the refusal by the plaintiff to stipulate that her claim was worth less than $75,000. *Id.* This evidence was insufficient.

4

the court, the Eleventh Circuit applies the following standard to determine whether the removing party has met the requisite burden: "[T]he removing defendant must establish the amount in controversy by 'the greater weight of the evidence, . . . a superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other."[4]  It is that it is not enough to merely allege that the amount in controversy meets the jurisdictional threshold. To avoid remand in a diversity action, a removing party in the removal documents must supply the court with concrete documentary evidence and a sound basis in law that is clearly and plainly articulated in the Notice of Removal and that proves the jurisdictional threshold is met by a preponderance of the evidence.  Conclusory allegations based on "ambiguous calculations" supplied by defendant will not satisfy the legal certainty standard.[5]   Likewise, a relatively specific damage estimate by a defendant that does not "provide the Court with the underlying facts necessary to support [the] damage estimate" will not suffice.[6]

In the present case, there was no specific amount of damages sought by the Plaintiff in the complaint.  Defendants completely rely on speculation and

---

[4] *Lowery*, *supra*, not 10 (quoting Black's Law Dictionary, 1220 (8th ed. 2004)).
[5] *Orbitz*, 2007 U.S. Dist. LEXIS 37932, at *10.
[6] *Hotels.com*, 2007 U.S. Dist. LEXIS 37934, at *12.

conjecture in its removal notice regarding the amount in controversy. This type of speculation related to the damages sought and the amount in controversy is clearly not permitted by 11th Circuit case law and precedent. Accordingly, the Defendants have miserably failed to prove threshold jurisdiction in its removal notice. As such in accordance with 11th Circuit precedent, this Court must remand this action back to the state court in Dekalb County.

## REMOVAL IS IMPROPER BECAUSE THE REMOVAL IS PROCEDURALLY INCORRECT.

Section 1446(a) requires that a removing party file together with its notice of removal "a copy of all process pleadings, and orders served upon such defendant or defendants in [the state court] action." 28 U.S.C. § 1446(a). Courts have interpreted this mandate to require that the removing party attach all (not just part) of the process, pleadings and orders that have been served in the state court action at the time the notice of removal is filed. See Andalusia Enterprises, Inc. v. Evanston Ins. Co., 487 F. Supp. 2d 1290, 1300 (N.D. 2007) Thus, to avoid remand, a removing party should file together with the notice of removal a copy of all process, pleadings, notices, and orders that have been served or on file with the state court. Adams v. Charter Communications VII, LLC, 356 F. Supp. 2d 1268, 1271 (M.D. 2005); see also Landman v. Borough

of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995)("Because courts strictly construe the removal statutes, the parties must meticulously comply with the requirements of the statute to avoid remand.").   In the present case, the removing party failed to attach all the documents from the state court. Accordingly, this case is due to be remanded.

Moreover, the removing party failed to obtain the consent of all co-defendant parties prior to filing the notice of removal.  "Beginning with United States Supreme Court's decision in *Chicago R.I. & Pac. Ry. Co*., 178 U.S. at 248, federal courts have universally required unanimity of consent in removal cases involving multiple defendants."  *Russell Corp*., 264 F.3d at 1050 (noting that [t]here are several bright line limitations on federal removal jurisdiction . . . that some might regard as arbitrary or unfair . . . . [s]uch limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.").  "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Id*.   The rule of unanimity requires in the case of multiple defendants that all defendants consent to the removal.  If consent of a served codefendant is not evident on the face of the removal papers, then the removing party is obligated to explain the absence of that consent or the removal is

defective.  *P-Nut Carter's Fireworks, Inc. v. Carey*, 685 F. Supp. 952, 953 (D.S.C. 1988).   "A petition for removal is considered defective if it fails to explain why all defendants have not joined therein."   *Johnson v. Nutrex Research, Inc. et al*., 429 F. Supp. 2d 723 (D. Md. 2006)(quoting *Brantley v. Vaughan*, 835 F. Supp. 258, 260 fn 2 (D.S.C. 1993)); see also *Egle Nursing Home, Inc. v. Erie Insurance Group, et al*., 981 F. Supp. 932, 933 (D. Md. 1997)(remanding case when removal notice failed to state why all defendants did not join in or consent to removal).

Consent and evidence of consent for removal should be obtained even for those Defendants not yet served before the Notice of Removal is filed. Failure to obtain consent from each of the served co-defendants before filing a Notice of Removal has been fatal to some removal efforts. See, e.g., *Harlow Aircraft Manufacturing, Inc. v. Dayton Machine Tool Co*., 2005 WL 1153600, *4 (D. Kan 2005)(finding defendant "violated the rule of unanimity by not obtaining consent from [the codefendant] before filing the notice of removal"); see also *Anglada v. Roman*, 2006 WL 3627758 (S.D.N.Y. 2006)(remanding an action where it was evident the removing defendant "did not have the consent of its duly-served co-defendant at the time of the Notice of Removal" (emphasis added)); *Powell v. West Chemical Products*, 678 F. Supp. 553 (E.D. Pa. 1988)(stating that "even though the defendants eventually joined the

petition for removal, where the original moving defendant did not have the consent of its co-defendants at the time of its petition," remand is required.) Courts have rejected arguments made by parties that a co-defendants' subsequent filing of a notice of joinder and consent excuses them from the obligation to obtain consent in advance of filing the removal petition. *See Andalusia Enterprises, Inc. v. Evanston Ins. Co*., 487 F. Supp. 2d 1290, 1300 (N.D. 2007). Courts have similarly rejected removal efforts when a removing party failed to obtain consent of a co-defendant in advance of filing a notice of removal because the removing party did not know with certainty whether a co-defendant had been served.

In the present case, the removing party failed to obtain the prior consent of all the served Defendants before filing for removal. According to state court records, Defendant,  TRINITY FINANCIAL SERVICES, LLC, did not consent to removal. Failure to get this consent is fatal. Accordingly, pursuant to federal law, this case must be remanded back to the state court.

## CONCLUSION

In conclusion, Paper Profits, LLC and FCI Lender Services by seeking removal bears the burden of establishing federal jurisdiction. The Defendants have failed to prove that this action is subject to federal question jurisdiction.

Accordingly, this matter is due to be remanded to the Circuit Court of Dekalb

County, Alabama.

RESPECTFULLY SUBMITTED:


/s/ Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that on this the 21st day of November  2022, a

copy of the forgoing Motion for remand has been served upon counsel

for all parties to this proceeding by U.S. Mail, postage prepaid.

**Douglas Alan Baymiller**
Rubin Lublin, LLC
11 N Water Street
The Battlehouse Tower
Suite 10290
Mobile, AL 36602

**Amanda M Beckett**
RUBIN LUBLIN LLC
428 North Lamar Blvd., Ste. 107
Oxford, MS 38655

/s/ Kenneth J Lay
Kenneth Lay